UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| VALENCIA GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-002 |
| | ) | |
| UNITED STATES GOVERNMENT / | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Civil rights plaintiff Valencia Garner resides in Atlanta, Georgia, and has submitted for filing a complaint including hundreds of allegations of government misconduct arising in the Atlanta area. (Doc. 1.) Since plaintiff resides in Atlanta and all of her claims arise from events that transpired in Atlanta, the proper forum for the action is in the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 1391; 28 U.S.C. § 90(a)(2). Accordingly, the Court **RECOMMENDS** that this case be transferred to the Northern District of Georgia, Atlanta Division, for all further proceedings. Additionally, Garner's complaint (doc. 1) includes sensitive financial

account information, consisting of her bank account and credit card numbers. Generally, such information should be redacted under Fed. R. Civ. P. 5.2(a), but a person may waive the privacy protections accorded to their own personal identifiers by filing the information "without redaction and not under seal." Fed. R. Civ. P. 5.2(h); *see* L.R. 8. Nevertheless, Garner's complaint and extensive filing history[1] make it plainly apparent that she is mentally unbalanced and cannot be trusted to protect her own privacy. Indeed, a Northern District of Georgia judge opined that plaintiff "is obviously in need of psychiatric help. Unfortunately, this Court has no authority to require plaintiff to get the help she so obviously needs." *Garner v. Federal Bureau of Investigation*, No. CV109-1118 (N.D. Ga. Apr. 30, 2009) (order dismissing case as frivolous). Consequently, the Clerk is

---

[1] *See Garner v. Federal Bureau of Investigation*, No. CV106-1418 (N.D. Ga. June 20, 2006); *Garner v. Federal Bureau of Investigation*, No. CV106-1959 (N.D. Ga. Aug. 29, 2006); *Garner v. Federal Bureau of Investigation*, No. CV106-2806 (N.D. Ga. Nov. 21, 2006); *Garner v. Federal Bureau of Investigation*, No. CV107-566 (N.D. Ga. July 13, 2007); *Garner v. Federal Bureau of Investigation*, No. CV108-404 (N.D. Ga. Feb. 8, 2008); *Garner v. United States Treasury*, No. CV108-2450 (N.D. Ga. Aug. 5, 2008); *Garner v. Federal Bureau of Investigation*, No. CV108-2647 (N.D. Ga. Aug. 19, 2008); *Garner v. Federal Bureau of Investigation*, No. CV108-3292 (N.D. Ga. Oct. 23, 2008); *Garner v. Bank of America*, No. CV109-120 (N.D. Ga. Jan. 20, 2009); *Garner v. MARTA*, No. CV109-163 (N.D. Ga. Jan. 23, 2009); *Garner v. Lifetime Fitness Center*, No. CV109-849 (N.D. Ga. Apr. 1, 2009); *Garner v. Bally's Fitness Center*, No. CV109-858 (N.D. Ga. Apr. 3, 2009); *Garner v. Empire Realty Co.*, No. CV109-987 (N.D. Ga. Apr. 16, 2009).

**DIRECTED** to seal the original pleading, redact Garner's credit card and bank account numbers (leaving the last four digits of any financial account information), and enter the redacted complaint. Fed. R. Civ. P. 5.2(a)(4).

**SO REPORTED AND RECOMMENDED** this  4th  day of January, 2010.

/s/ G. R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA